No. 2022-1230

# In the
# United States Court of Appeals
## for the Federal Circuit

In re: UNIVERSAL ELECTRONICS INC.,

*Appellant.*

---

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. 15/962,451.

## REPLY BRIEF OF APPELLANT UNIVERSAL ELECTRONICS INC.

JAMES J. LUKAS, JR.
BENJAMIN GILFORD
GARY R. JAROSIK
GREENBERG TRAURIG, LLP
77 W. Wacker Dr., Suite 3100
Chicago, IL 60601
(312) 456-8400
lukasj@gtlaw.com
gilfordb@gtlaw.com
jarosikg@gtlaw.com

*Counsel for Appellant Universal Electronics Inc.*

  COUNSEL PRESS · (866) 703-9373            PRINTED ON RECYCLED PAPER 

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, counsel for Appellant certifies the following:

1. **Represented Entities.** Provide the full names of all entities represented by the undersigned counsel in this case.

    Universal Electronics Inc.

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities.

    None / Not Applicable

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

    BlackRock, Inc.

    Eagle Asset Management, Inc.

    Carillon Tower Advisers, Inc.

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.

    None / Not Applicable

5. **Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

    None / Not Applicable

6. **Organizational Victims and Bankruptcy Crimes.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).

    None / Not Applicable

Dated: September 2, 2022

                                               */s/ James J. Lukas, Jr.*
                                               Attorney for Appellant

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. ARGUMENT ....................................................................................... 2

    A. The Director's Brief Confirms That The Board And The Examiner Failed To Establish A *Prima Facie* Case Of Obviousness. .................. 2

        1. The Director's Brief Confirms That Substantial Evidence Does Not Support The Board's Finding That Garg Alone Teaches The Claimed "Switching Device" That Detects/Receives And Responds To An IR Signal That Is Intended For A Separate Device. ........................................................................................... 2

        2. The Director's Brief Confirms That The Board And The Examiner Failed To Articulate Any Reason With A Rational Underpinning Why A POSITA Would Have Been Motivated To Combine Garg With Igoe. ...................................................... 7

    B. The Director's Belated And Improper Attempt To Establish A *Prima Facie* Case Of Obviousness Fails. ....................................................... 9

III. CONCLUSION ................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Beasley*,
   117 Fed. Appx. 739 (Fed. Cir. 2004) ................................................................. 9

*In re Bell*,
   991 F.2d 781 (Fed. Cir. 1993) ........................................................................... 10

*Gechter v. Davidson*,
   116 F.3d 1454 (Fed. Cir. 1997) ...................................................................... 5, 6

*Icon Health & Fitness, Inc. v. Strava, Inc.*,
   849 F.3d 1034 (Fed. Cir. 2017) ........................................................................... 6

*In re Lorkovic*,
   712 Fed. Appx. 997 (Fed. Cir. 2017) .................................................................. 5

*In re Magnum Oil Tools Int'l, Ltd*,
   829 F.3d 1364 (Fed. Cir. 2016) ........................................................................... 6

*In re Makari*,
   708 F.2d 709 (Fed. Cir. 1983) ............................................................................. 5

*Power Integrations, Inc. v. Lee*,
   797 F.3d 1318 (Fed. Cir. 2015) ........................................................................... 9

*In re Stepan Co.*,
   868 F.3d 1342 (Fed. Cir. 2017) ..................................................................... 9, 10

*U. of Strathclyde v. Clear-Vu Lighting LLC*,
   17 F.4th 155 (Fed. Cir. 2021) ............................................................................ 11

# I. INTRODUCTION

The Director's Brief confirms that the Board and the Examiner failed to establish a *prima facie* case of obviousness and that the rejection of claims 1-12 of the '451 application should be reversed.

First, the Director's Brief shows that substantial evidence does not support the Board's finding that Garg alone teaches the claimed "switching device" that detects/receives and responds to an IR signal that is intended for a separate device because the Director admits in its Brief that Garg does not disclose, teach, or suggest a "switching device" that detects/receives and responds to an IR signal that is intended for a separate device.

Second, the Director's Brief shows that substantial evidence does not support the Board's finding that a POSITA would have been motivated to combine Garg with Igoe because the Director does not dispute that the Board's and the Examiner's articulated reason for combining Garg with Igoe is circular and lacks a rational underpinning.

In an apparent concession that the Board and the Examiner failed to establish a *prima facie* case of obviousness, the Director attempts to rewrite the record by crafting its own, belated obviousness arguments before this Court. But Federal Circuit precedent is clear that *post hoc* attempts to cure a deficient Board decision under appeal are improper. In any case, even if the Director's new

1

obviousness arguments and requests for this Court to make new factual findings on appeal are taken into consideration, the Director has still failed to establish a *prima facie* case of obviousness.

Accordingly, UEI respectfully requests that the Court reverse the Board's decision affirming the rejection of claims 1-12 of the '451 application.

## II. ARGUMENT

### A. The Director's Brief Confirms That The Board And The Examiner Failed To Establish A *Prima Facie* Case Of Obviousness.[1]

#### 1. The Director's Brief Confirms That Substantial Evidence Does Not Support The Board's Finding That Garg Alone Teaches The Claimed "Switching Device" That Detects/Receives And Responds To An IR Signal That Is Intended For A Separate Device.

The rejection of claims 1-12 of the '451 application should be reversed. The Director's Brief confirms that substantial evidence does not support the Board's finding that Garg alone teaches the claimed "switching device" that detects/receives and responds to an IR signal that is intended for a separate device.

As the Director concedes, each independent claim of the '451 application recites a "switching device" that must: (i) detect/receive an IR signal intended for a separate device (*i.e.*, first device among a plurality of source devices and a sink device); and (ii) respond to that same detected/received IR signal by controlling a

---

[1] Citations to the Director's Response Brief are denoted herein as "Director's Brief at __." Citations to UEI's Opening Brief are denoted herein as "UEI's Br. at __."

connection between at least one of the plurality of source devices and the sink devices as a function of the detected IR signal. (Director's Brief at 1, 4-5, 11; *see also* Appx23-26.)

In the Board's Decision, the Board found that **Garg alone** teaches the claimed "switching device" that detects/receives and responds to an IR signal that is intended for a separate device:

- "[UEI's] argument that the 'reasoning does not assert that Igoe discloses, teaches, or suggests a switching device that is able to detect and act upon transmissions that are intended for reception by devices other than the switching device itself (which Igoe does not)' is unpersuasive, because it is not directed to the Examiner's specific findings. As discussed above, ***the Examiner cites Garg—not Igoe—for teaching the determining limitation*** (as recited in claim 5) and ***the detecting limitation*** (as recited in claim 1)."

(Appx11 (emphases added).)

- "[UEI's] argument that '[i]t has not been asserted that Igoe discloses, teaches, or suggests a switching device or any other element that is operable to detect/receive and respond to' is unpersuasive because it is not directed to the Examiner's specific findings. The Examiner finds—and [UEI] does not persuasively dispute—***Garg teaches***: ***A switching device*** … determine that the receiver has received an infrared (IR) signal transmitted by a remote control device, … a first device among the plurality of source devices and the sink device … [and] ***Igoe does not need to teach those limitations again***."

(Appx8-9 (emphases added) (internal citations omitted).)

Notably, the Board ***did not find*** that Igoe—or Garg in combination with Igoe—discloses, teaches, or suggests the claimed "switching device" that

3

detects/receives and responds to an IR signal that is intended for a separate device. (Appx8-9, Appx11; *see also* UEI's Br. at 20-22 (demonstrating that neither the Board nor the Examiner proposed modifying Garg's alleged "switching device").)[2]

Here, the Director's Brief **confirms** that substantial evidence does not support the Board's finding that Garg alone teaches the claimed "switching device" that detects/receives and responds to an IR signal that is intended for a separate device because, ***as the Director admits***, Garg does not disclose, teach, or suggest a "switching device" that detects/receives and responds to an IR signal that is intended for a separate device. (Director's Brief at 9, 14; *see also* Appx229 (Examiner admitting the same), Appx231-232 (same), Appx234-235 (same).) Rather, as the Director concedes, Garg discloses a hub 500 that detects/receives and responds to IR signals that are intended ***only for the hub 500***. (Director's Brief at 12 ("Garg discloses … the use of a ***dedicated*** IR remote control.") (emphasis added); *see also* Appx413 (at [0066]).)

As the Director confirms, to teach the claimed "switching device" of the '451 application, Garg's hub 500 would need to be modified such that it could detect/receive and act on IR signals intended for a separate source or sink device. (Director's Brief at 15.) The Board did not find that a POSITA would have made such a modification. (Appx8-17.)

---

[2] To be sure, the Board did not find that Igoe discloses, teaches, or suggests ***any*** of the limitations of the claims of the '451 application. (*See generally* Appx6-17.)

4

Accordingly, there is no dispute that substantial evidence does not support the Board's finding that Garg alone teaches the claimed "switching device" that detects/receives and responds to an IR signal that is intended for a separate device, and this Court's inquiry should end here.

Nevertheless, the Director argues that "the Examiner's rejection necessarily requires a modification to [Garg's alleged 'switching device'] to receive and act on IR signals recognizable by a source or sink device." (Director's Brief at 20; *see also id*. ("the Examiner's rejection required the modification of Garg's switching device.").)[3] The Director's argument is without merit because (i) it is inconsistent with the Board's Decision, and (ii) it is conclusory and unsupported.

***First***, the Director's argument is without merit because it is inconsistent with the Board's Decision. This Court's review is limited to the findings of fact and conclusions of law in the final Board decision. *See, e.g., In re Lorkovic*, 712 Fed. Appx. 997, 999 (Fed. Cir. 2017) ("we must review the final Board decision, not the Examiner's final rejection."); *In re Makari*, 708 F.2d 709, 711 (Fed. Cir. 1983) ("Our jurisdiction in relation to the Patent and Trademark Office is limited to review of decisions of boards established in that Office."); *Gechter v. Davidson*, 116 F.3d 1454, 1460 (Fed. Cir. 1997) ("we hold that the Board is required to set

---

[3] The Director also improperly raises a new, untimely obviousness argument that was not raised before the Board and was not addressed in the Board's Decision. (Director's Brief at 15-17, 19.) UEI addresses this untimely argument in Section II(B), *infra*.

5

forth in its opinions specific findings of fact and conclusions of law adequate to form a basis for our review.").

Here, the Board did not find that a POSITA would have modified Garg's alleged "switching device" to receive and act on IR signals recognizable by a source or sink device. (Appx8-9, Appx11.) Rather, as discussed above, the Board found that Garg alone (*i.e.*, without modification) teaches the claimed "switching device" that receives and acts on IR signals intended for a separate device. (*Id.*) Accordingly, the Director's argument is inconsistent with the Board's Decision and should be rejected for this reason alone.

**Second**, the Director's argument is without merit because it is conclusory and unsupported, and would require this Court to make new factual findings on appeal. This Court has held that conclusory, unsupported arguments cannot support a finding of obviousness. *See In re Magnum Oil Tools Int'l, Ltd*, 829 F.3d 1364, 1380 (Fed. Cir. 2016); *see also Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017) ("Attorney argument is not evidence."). Here, the Examiner proposed modifying Garg's "remote controller" to allow the "remote controller" to communicate directly with a source and/or sink device (*e.g.*, a DVD player). (Appx230-232, Appx315; *see also* Director's Brief at 9 (Director conceding that the Examiner's alleged motivation to combine was "to allow communication with external (i.e., sink and source) devices via the remote

6

control").) As a matter of common sense, allowing Garg's "remote controller" to communicate directly with a source and/or sink device would *not* require any modification to Garg's hub 500 (*i.e.*, the alleged "switching device") because the hub 500 would not be involved in the direct communications between the "remote controller" and the source/sink device. Tellingly, the Director fails to explain *why* modifying Garg's "remote controller" to communicate directly with a source or sink device would purportedly require modifying Garg's alleged "switching device" to receive and act on those communications, and no such explanation exists in the record. (*See* Director's Brief at 20; *see also* Appx8-12, Appx230-232, Appx315.) Accordingly, the Director's argument should also be rejected as illogical and lacking in support or reasoning.

### 2. The Director's Brief Confirms That The Board And The Examiner Failed To Articulate Any Reason With A Rational Underpinning Why A POSITA Would Have Been Motivated To Combine Garg With Igoe.

The rejection of claims 1-12 of the '451 application should also be reversed because the Director's Brief confirms that the Board and the Examiner failed to articulate any reason with a rational underpinning why a POSITA would have been motivated to combine Garg with Igoe.

As noted in UEI's Opening Brief, the Board and the Examiner proposed modifying Garg's remote controller to communicate with an external device (*i.e.*, a

7

DVD player) to allow communication with external devices via the remote controller. (*See* Appx11, Appx230, Appx232, Appx235; *see also* UEI's Br. at 24; Director's Brief at 9.) As UEI explained, the Board's and the Examiner's reason for combining Garg with Igoe lacks a rational underpinning because it is entirely circular. (UEI's Br. at 24-25.) The alleged motivation to combine (*i.e.*, to communicate with external devices via the remote controller) merely repeats the proposed modification to Garg (*i.e.*, modifying Garg's remote controller to communicate with an external device via the remote controller). (*Id.*)

In the Director's Brief, the Director ***does not dispute*** that the Board's and the Examiner's articulated reason for combining Garg with Igoe is circular and lacks a rational underpinning. (Director's Brief at 21-22.)[4] Instead, in an apparent concession that the Board's and the Examiner's articulated reasoning lacks a rational underpinning, the Director belatedly attempts to raise its own motivation to combine. (*Id.* at 22 ("the proposed combination would simplify the user's source selection process") (failing to cite any record support for newly alleged motivation to combine).) However, as discussed in Section II(B), *infra*, the Director's attempt to raise a brand-new motivation to combine is untimely and improper. Because there is no dispute that the Board's and the Examiner's

---

[4] The Director also ***does not dispute*** that neither the Board nor the Examiner identified any "refined rationale" for combining Garg with Igoe. (*Id.*; *see also* UEI's Br. at 25.)

8

articulated reason for combining Garg with Igoe lacks a rational underpinning, this Court should reverse the rejection of claims 1-12 of the '451 application.

### B. The Director's Belated And Improper Attempt To Establish A *Prima Facie* Case Of Obviousness Fails.

Knowing that the Board and the Examiner failed to establish the requisite *prima facie* case of obviousness, the Director instead attempts to craft its own, belated *prima facie* case and asks this Court to make new factual findings on appeal. (Director's Brief at 15-17, 19, 22.)[5] The Director's belated attempt to establish a *prima facie* case of obviousness fails because it is procedurally improper and is wrong on the merits.

First, this Court should reject the Director's belated attempt to establish a *prima facie* case of obviousness as procedurally improper. It is well settled that this Court "may not accept appellate counsel's *post hoc* rationalization for agency action." *See In re Stepan Co.*, 868 F.3d 1342, 1347 (Fed. Cir. 2017) (citations omitted); *see also Power Integrations, Inc. v. Lee*, 797 F.3d 1318, 1326 (Fed. Cir. 2015) (refusing to consider arguments that the solicitor raised on appeal to attempt to cure deficiencies in the board's analysis); *In re Beasley*, 117 Fed. Appx. 739, 744-45 (Fed. Cir. 2004) (same). Here, the Director's new and untimely

---

[5] Specifically, the Director asserts that both Garg and Igoe disclose a switching device that offers multiple ways to perform source selection, and that a POSITA would have modified Garg's alleged switching device to enable it to change sources based on an IR signal also recognizable by a source or sink device to simplify the process of changing sources. (*Id.*)

9

obviousness argument was not raised before the Board and was not addressed in the Board's Decision. (*See, e.g.,* Appx8-17, Appx228-230, Appx314-318.) Accordingly, the Director's argument must be disregarded. *See In re Stepan*, 868 F.3d at 1347.

Second, this Court should reject the Director's belated attempt to establish a *prima facie* case of obviousness as wrong on the merits. According to the Director, both Garg and Igoe disclose a switching device that offers multiple ways to perform source selection. (Director's Brief at 15.) However, as the Director ***admits***, neither Garg nor Igoe discloses, teaches, or suggests the ***claimed*** "switching device" that detects/receives and responds to an IR signal that is intended for a separate device. (*Id*. at 14.) That both Garg and Igoe allegedly disclose an ***unclaimed*** switching device that offers ***unclaimed*** ways to perform source selection is simply irrelevant to the rejected claims and cannot show that the prior art discloses, teaches, or suggests the claimed invention of the '451 application, as the Board and the Examiner were required to show. *See In re Bell*, 991 F.2d 781, 783 (Fed. Cir. 1993) (reversing the examiner's obviousness rejection).

The Director asserts that it was unnecessary for the Examiner to find that either Garg or Igoe individually teaches the claimed "switching device," or that the combination of Garg and Igoe "expressly teaches" the claimed "switching device."

10

(Director's Brief at 18.) In the Director's nearly page-long string cite of cases, however, the Director ignores that its admission that neither Garg nor Igoe discloses, teaches, or suggests a "switching device" that detects/receives and responds to an IR signal that is intended for a separate device (*id*. at 14) is, on its own, fatal to the Director's belated attempt to establish a *prima facie* case of obviousness. *See U. of Strathclyde v. Clear-Vu Lighting LLC*, 17 F.4th 155, 160-62 (Fed. Cir. 2021) (reversing Board's finding that prior art combination taught claimed inactivation of Gram-positive bacteria without using a photosensitizer as not supported by substantial evidence where neither of the prior art references in the combination taught or suggested inactivation of any bacteria without using a photosensitizer).

Accordingly, this Court should reject the Director's attempt craft its own, belated *prima facie* case and should decline the Director's request to make new factual findings on appeal.

## III. CONCLUSION

For the foregoing reasons, UEI respectfully requests that this Court reverse the Board's Decision affirming the rejection of claims 1-12 of the '451 application.

Dated: September 2, 2022

                                             */s/ James J. Lukas, Jr.*
                                             James J. Lukas, Jr.
                                             Gary R. Jarosik
                                             Benjamin P. Gilford
                                             GREENBERG TRAURIG, LLP
                                             77 West Wacker Drive, Ste. 3100
                                             Chicago, IL 60601
                                             Telephone: (312) 456-8400
                                             Facsimile: (312) 456-8435

                                             *Counsel for Appellant*

# CERTIFICATE OF SERVICE

I, James J. Lukas, Jr., being duly sworn according to law and being over the age of 18, upon my oath deposes and states that:

I am an employee of GREENBERG TRAURIG, LLP, Attorneys for Appellants.

On September 2, 2022, GREENBERG TRAURIG, LLP authorized me to electronically file the foregoing Reply Brief of Appellant with the Clerk of the Federal Circuit using the CM/ECF System, which will serve e-mail notice of such filing on the following attorneys:

Michael S. Forman
michael.forman@uspto.gov
Monica Barnes Lateef
monica.lateef@uspto.gov
Amy J. Nelson
amy.nelson@uspto.gov
Farheena Yasmeen Rasheed
farheena.rasheed@uspto.gov
United States Patent and Trademark Office
Office of the Solicitor
PO Box 1450
Mail Stop 8
Alexandria, VA 22313

Upon acceptance by the Court of the e-filed document, I will cause six paper copies of the brief to be filed with the Court, via Federal Express, within the time provided in the Court's rules.

/s/ *James J. Lukas, Jr.*
James J. Lukas, Jr.

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. Cir. R. 32(b). This brief contains 2,664 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Fed. Cir. R. 32(b). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in fourteen (14) point Times New Roman font.

Dated: September 2, 2022

            */s/ James J. Lukas, Jr.*
            Attorney for Appellant